RECEIVED
SDNY PRO SE OFFICE

2021 AUG 19  AM 10: 25

U.S.D.C. S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andre P. Diggs

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

-against-

Police Officer John Doe Arresting Officer ID# 959808 (individually and his official capacity) under color of state law

Police Officer John Doe Arresting Officer ID# 953007 (individually and his official capacity) under color of state law

Jury Trial: ☑ Yes  ☐ No
(check one)

21 Civ. 5849 (LTS)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.  List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's  Name Andre P. Diggs
ID# 20A1664
Current Institution Five Points Correctional Facility
Address State Route 96, P.O. Box 119, Romulus, New York, 14541

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name Police Officer John Doe   Shield # 959808
Where Currently Employed New York City PCT #9
Address 1 Police Plaza, New York, N.Y., 10007

*Rev. 01/2010*

1

Defendant No. 2   Name Police Officer John Doe   Shield # 953007
Where Currently Employed NYC Police Dept PCT #9
Address 1 Police Plaza, New York, N.Y., 10007

Defendant No. 3   Name _____ Shield #___
Where Currently Employed _____
Address _____

<div style="float:left">Who did what?</div>

Defendant No. 4   Name _____ Shield #___
Where Currently Employed _____
Address _____

Defendant No. 5   Name _____ Shield #___
Where Currently Employed _____
Address _____

II. **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
N/A

B. Where in the institution did the events giving rise to your claim(s) occur?
N/A

C. What date and approximate time did the events giving rise to your claim(s) occur?
This claim arose on August 17, 2020 at 7:52 am and August 17, 2020 at 8:30 am.

<div style="float:left">What happened to you?</div>

D. Facts: On August 17, 2020 at 7:52 am I was stopped, frisked and falsely arrested without probable cause by police officer John Doe who's Arresting Officer ID # 959808 in Manhattan on 535 East 11th Street in the state of New York

Rev. 01/2010

2

for the crime of Aggravated Harrasment in the 2nd Degree (communicate threat physical harm) This case arised from alleged threating phone calls that were made to the complaintent and there was no evidence indicating I was the one who made these phone calls but I was arrested anyway. Then I was transported to New York City Police Dept. # 9. Then on August 17, 2020 at 8:30 am I was re-arrested falsely without probable cause for the crime of Aggrevated Harrasment 2nd Degree (communicate threath physical/property harm) by Police Officer John Doe who's Arresting Officer ID # 953007. These cases continued for about seven months until it was finally dismissed on March 9, 2021. The Docket # CR-015605-20 N.Y. These claims arrose by the direct actions of Police Officer John Doe (#959808) and Police Officer John Doe (#953007) under color of state law which was a direct violation of my 8th Amendment right of the U.S. Constitution.

> Was anyone else involved?

> Who else saw what happened?

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

N/A

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ___   No ✓

Rev. 01/2010

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know ✓

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know ✓

If YES, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ✓

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

1. Which claim(s) in this complaint did you grieve?

N/A

2. What was the result, if any?

N/A

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

*Rev. 01/2010*                                                     4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I would like to recieve (1,000,000.) One Million Dollars in monetary compensation.

*Rev. 01/2010*                                   5

**VI.   Previous lawsuits:**

<div style="margin-left: -2em; float: left;">
| On these claims |
</div>

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No ✓

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____
   _____
   _____ 3.   Docket or Index number _____
   _____ 4.   Name of Judge assigned to your case _____
       5.   Approximate date of filing lawsuit _____
       6.   Is the case still pending?   Yes _____   No _____
            If NO, give the approximate date of disposition _____
       7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
       _____
       _____

<div style="margin-left: -2em; float: left;">
| On other claims |
</div>

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No ✓

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____ N/A _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____
   _____
   _____ 3.   Docket or Index number _____ N/A _____
   _____ 4.   Name of Judge assigned to your case _____ N/A _____
       5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6. Is the case still pending? Yes ____ No ____   N/A
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   N/A

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _12_ day of _August_, 20_21_.

Signature of Plaintiff  Andre P. Wiggs
Inmate Number  20A1664
Institution Address  Five Points C. F.
State Route 96
P.O. Box 119, Romulus
New York, 14541

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _12_ day of _August_, 202_1_, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Andre P. Wiggs

*Rev. 01/2010*                                   7

Certificate #: U-000009775-N

Page 1 of 1



# NEW YORK CRIMINAL COURT
100 Centre St., New York, NY 10013
Phone: (646) 386-4500  Fax: (718) 374-5293

**NO FEE**
Non-Public
Version

Court ORI: NY030033J

| The People of the State of New York | **Certificate of Disposition** |
|---|---|
| vs. | Docket Number: **CR-015605-20NY** |
| **Andre Diggs** | |
| | CJTN: 069419760Z |
| | NYSID: 08597442P |

Defendant DOB: **02/06/1981**   Arrest Date: **08/17/2020**   Arraignment Date: **08/18/2020**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1-3 | PL 240.30 01A AM Agg Harassment 2 - Threat **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 03/09/2021 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **May 5, 2021**

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Charges may not be the same as the original arrest charges.
CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



Andre P. Dibbs Din# 20A1664
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, New York
14541



Pro se

United States District Court
Southern District of New York
U.S. Courthouse, 500 Pearl
St., New York, N.Y.
10007

**Five Points Correctional
Facility
Legal Mail Only**

RECEIVED
AUG 17 2021
CLERK'S OFFICE
S.D.N.Y.