UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE P. DIGGS,

                                    Plaintiff,

               -against-

POLICE OFFICER JOHN DOE ID #959808;
POLICE OFFICER JOHN DOE ID #953007,

                                    Defendants.

21-CV-5849 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Diggs, who is currently incarcerated in Five Points Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants falsely arrested and maliciously prosecuted him.[1]  By order dated July 12, 2021, the Court granted Diggs' request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## DISCUSSION

Because Diggs has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] By order dated July 26, 2021, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint. Dkt. 5.  The Court received the amended complaint on August 17, 2021. The amended complaint, Dkt. 6, is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

summonses and the amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the amended complaint is not served within that time, Diggs should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Diggs to effect service on Defendants New York City Police Department Officers Shield #959808 and Shield #953007 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Diggs must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Diggs, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for New York City Police Department Officers Shield #959808 and

Shield #953007, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   9/8/2021
         New York, New York

PAUL A. ENGELMAYER
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  New York City Police Department Officer Shield #959808
    One Police Plaza
    New York, NY 10007

2.  New York City Police Department Officer Shield #953007
    One Police Plaza
    New York, NY 10007