

| | | |
|---|---|---|
| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | BRACHAH GOYKADOSH<br>*Senior Counsel*<br>bgoykado@law.nyc.gov<br>Phone: (212) 356-3523<br>Fax:  (212) 356-1148 |

October 22, 2021

**MEMO ENDORSED**

**By ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Andre Diggs v. John Doe, et. al.,* No. 21 Civ. 5849 (PAE) (KPH)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and an attorney assigned to this matter.[1] I write to respectfully request that the Court *sua sponte*: (1) adjourn the initial conference currently scheduled for 11:00 a.m. on November 3, 2021 until 60 days after the defendants are served with process; and (2) extend the time for defendants to submit a case management plan, which would be required one week before the conference in accordance with provisions II(a) of Your Honor's Individual Practices in Civil Cases. ECF No. 16.

      Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on July 7, 2021 against two defendant officers, providing only their tax identification information.[2] ECF No. 2. Plaintiff claims he was falsely arrested for Aggravated Harassment in the Second Degree. ECF No. 2. Plaintiff does not claim to have suffered any specific damages but demands $1,000,000 in monetary relief.

---

[1] This case has been assigned to Assistant Corporation Counsel Mary K. Campbell, who is not yet admitted to the New York State Bar. Mrs. Campbell is handling this matter under supervision and may be reached at (212) 356-2425 or macampbe@law.nyc.gov.

[2] The Court should also note that there are grounds for dismissal of this action pursuant to the *In Forma Pauperis* Statute ("IFP Statute"), 28 U.S.C. § 1915. This is because pursuant to subsection (g) of the Statute, a prisoner may not bring a civil action as an *in forma pauper* if the prisoner brought three prior actions, while incarcerated or detained, that were dismissed on the grounds that the claim was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Here, plaintiff, while either incarcerated or detained, brought three federal civil rights actions that were ultimately dismissed for failure to state a claim. *See Diggs v. DeBlasio*, No. 19-CV-03371 (PKC) (LB) (E.D.N.Y.), ECF No. 12; *Diggs v. Conyers*, No. 16-CV-00585 (PKC) (LB) (E.D.N.Y.), ECF No. 40; *Diggs v. Vance*, No. 115 Civ. 02555 (LAP) (S.D.N.Y.), ECF No. 6.

ECF No. 1. The Court scheduled a conference and ordered parties to submit a case management plan. ECF No. 10.

An extension of time to file the case management plan and adjournment of the initial conference are warranted for multiple reasons. First, this Office is simply an interested party—it does not represent any defendant in this matter. The City of New York is not a party to this action. ECF No. 9. At this juncture, it is unclear whether this conference would require this Office's participation.

Second and relatedly, this Office has not yet determined representation with respect to the two defendant officers because it has neither received a request for legal assistance nor met with the officers to determine whether representation by the City is available to them. *See Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting *Williams v. City of New York*, 64 N.Y.2d 800 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). As of October 22, 2021 at 12:30 p.m., the City has neither seen proof of service to the officers reflected on the docket nor received a request for legal assistance from either officer. It is unclear whether these individual officers have even been served with process by the United States Marshal Service yet. ECF No. 8. The requested extension will allow the individual defendants time to be served with process; request legal representation through this Office; and also formally consent to this Office representing them, to the extent that there are no representation issues.

Third, even if the Office eventually represents the defendants, this conference would fall before this Office has an opportunity to investigate or respond to the allegations made the Complaint. This Office cannot meaningfully complete a pre-trial scheduling order without first assessing the full scope of documents that exist in this case. Furthermore, the defense cannot meaningfully attend and participate in an initial conference without first evaluating the allegations in the Complaint. To sufficiently investigate and respond to the allegations, and accordingly develop a plan for discovery, the undersigned must obtain and review certain documents related to plaintiff's arrest and prosecution. The defense cannot access these documents without the required releases from plaintiff, which were sent to plaintiff on October 12, 2021. Once this Office receives the required releases, the releases will be promptly forwarded to the appropriate agencies for access to and production of the relevant records.

As this Office does not represent the defendants and the City is not itself a defendant, this request is not made on the defendants' behalf; however, in the interest of judicial economy and efficiency, and given the time involved in determining the representation of an employee of NYPD, this Office hopes that the Court may, *sua sponte*, extend the time to file a proposed case management plan and adjourn the initial conference until 60 days after these individuals are served with process. This extension and adjournment are sought, so that these individual's defenses are not jeopardized while representation issues are decided, but also so that the defendants can answer in the same pleading or motion. The requested extension and adjournment request will also allow the defendants—through counsel—to participate in any case management plan and conference.

<p>

Finally, Plaintiff filed a proposed case management plan and report with the Court. ECF No. 14. To this Office's knowledge, there has not yet been a Rule 26(f) meeting to discuss the contents of the case management plan and report.[3] While this Office is not necessarily opposed to an expedited discovery schedule, as discussed *supra*, defendants in this matter have not yet been served, requested legal representation from this Office, nor had any opportunity to participate in either settlement or discovery discussions.

As neither of the two individual defendants have yet been served with process and as this Office does not yet represent any defendants, completing a case management plan and attending an initial conference at this time may be premature. Plaintiff has neither consented nor opposed this adjournment request Because plaintiff is currently incarcerated and this Office has no means of readily contacting him, this request is made directly to the Court. This is the first request of its kind.

Therefore, as none of the individual defendants have been served, this Office respectfully request that the Court *sua sponte* adjourn the initial conference currently scheduled for November 3, 2021 until 60 days after the individual defendants are served with process and receives the required releases from plaintiff. This will ensure that this Office has sufficient time to investigate, respond to the complaint, meet and confer with plaintiff, who is currently incarcerated, and determine representation.

Thank you for your consideration herein.

Respectfully submitted,

Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

cc:   Andre Diggs
      Plaintiff *Pro Se*
      20A1664/08697442P
      Five Points Correctional Facility
      State Route 96
      P.O. Box 119
      Romulus, New York 14541

---

[3] Plaintiff also represented that the parties discussed settlement in his Case Management Proposal. However, neither the undersigned nor Mrs. Campbell discussed the Case Management Plan or settlement with plaintiff, or have had any discussions with plaintiff. Giving plaintiff the benefit of doubt, perhaps he may have confused a settlement discussion made on one of his many other cases pending in the Eastern and Southern Districts.

DECLARATION OF SERVICE BY MAIL

I, Mary K. Campbell, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 25, 2021. I served the annexed NOTICE upon the following individual by causing a copy of same, enclosed in a first class postpaid properly addressed wrapper, to be deposited in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

Andre Diggs
Plaintiff *Pro Se*
20A1664/08697442P
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, New York 14541

Dated: New York, New York
October 25, 2021

*Mary K. Campbell*
Mary K. Campbell
*Assistant Corporation Counsel* (not yet admitted)

---

APPLICATION GRANTED:  The Initial Case Management Conference in this matter scheduled for Wednesday, November 3, 2021 at 11:00 a.m. is hereby rescheduled to Tuesday, January 4, 2022 at 12:00 p.m. The Defendant's deadline to submit their Case Management Plan is extended to December 28, 2021.

It is hereby ORDERED that the Warden or other official in charge of the Five Points Correctional Facility produce plaintiff Andre Diggs., NYSID #08697442P/DIN #20-A-1664, on January 4, 2022, no later than 12:00 p.m., to a suitable location within the Five Points Correctional Facility that is equipped with a telephone, for the purpose of participating by telephone in a conference with the Court and defendants' counsel.  If the scheduled time and date presents a hardship, the Warden or the Warden's designee should promptly inform chambers by calling (212) 805-0234.

Defendants' counsel must: (1) send this Order to the Warden immediately; (2) contact the Five Points Correctional Facility to arrange the call and determine the telephone number at which the plaintiff will be reachable at the above time and date; (3) telephone Judge Parker's teleconference line at (866) 434-5269, Access code: 4858267, with the plaintiff on the line, at the time and date of the conference.

The Clerk of Court is requested to mail a copy of this order to the plaintiff.

APPLICATION GRANTED
*Katharine H. Parker*
Hon. Katharine H. Parker, U.S.M.J.
10/22/2021