

| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | MARY K. SHERWOOD<br>*Assistant Corporation Counsel*<br>macampbe@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-1148 |
|---|---|---|

**MEMO ENDORSED**

December 27, 2021

**By ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Andre Diggs v. John Doe, et. al.,* No. 21 Civ. 5849 (PAE) (KPH)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney assigned to this matter. I write to respectfully request that the Court *sua sponte*: (1) adjourn the initial conference currently scheduled for January 4, 2022 at 12:00 p.m. until 60 days after the defendants are served with process; and (2) extend the time for defendants to submit a case management plan, which must be submitted one week before the conference in accordance with provisions II(a) of Your Honor's Individual Practices in Civil Cases. ECF No. 16.

      Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on July 7, 2021 against two defendant officers. ECF No. 2. According to the Complaint, plaintiff claims he was falsely arrested for Aggravated Harassment in the Second Degree, while providing little additional detail. ECF No. 2. Plaintiff's pregnant girlfriend complained that plaintiff called her threatening to stab her and cut her baby out of her body, which resulted in plaintiff's arrest. Soon after, the Criminal Court of the County of New York issued an Order of Protection against plaintiff. The Court has scheduled an initial conference for January 4, 2022 and ordered parties to submit a case management plan on December 28, 2021. ECF No. 10. While summonses have been issued for the officers, a summons executed filed on the docket. ECF No. 11.

      Now, this Office seeks an adjournment of that conference and extension of time to submit the proposed case management plan. This adjournment and extension request is the second of its kind and is warranted for two reasons. ECF No. 15. First, none of the individual defendants have been served with process yet; this Office does not represent any defendant in this matter; and the

City of New York is not a party to this action. ECF No. 9. Therefore at this juncture, it is unclear whether this conference would require this Office's participation. Moreover, the individual defendants—who undoubtedly should be afforded the opportunity to participate in this conference—will be unable to as they may not even yet be aware of the existence of this lawsuit, given that they have not been served with process.

Second and relatedly, this Office has not yet determined representation with respect to the two defendant officers because it has neither received a request for legal assistance nor met with the officers to determine whether representation by the City is available to them. *See Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting *Williams v. City of New York*, 64 N.Y.2d 800 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). As of December 27, 2021 at 12:30 p.m., the City has neither seen a summons executed or proof of service to the officers reflected on the docket nor received a request for legal assistance from either officer. It is unclear whether these individual officers have even been served with process by the United States Marshal Service yet. ECF No. 8. The requested extension will allow the individual defendants time to be served with process; request legal representation through this Office; and also formally consent to this Office representing them, to the extent that there are no representation issues.

As this Office does not represent the defendants and the City of New York is not itself a defendant, this request is not made on the defendants' behalf; however, in the interest of judicial economy and efficiency, and given the time involved in determining the representation of an employee of the NYPD, this Office hopes that the Court may extend the time to file a proposed case management plan and adjourn the initial conference until 60 days after these individuals are served with process. This extension and adjournment are sought, so that these individuals' defenses are not jeopardized while representation issues are decided, but also so that the defendants can answer in the same pleading or motion. The requested extension and adjournment request will also allow the defendants—through counsel—to participate in any case management plan and conference.

As neither of the two individual defendants have yet been served with process and as this Office does not yet represent any defendants, completing a case management plan and attending an initial conference at this time may be premature. The undersigned scheduled a conference to meet and confer with Mr. Diggs on December 15, 2021 in hopes of completing the case management plan. By this date, the undersigned was hopeful that the U.S. Marshals would have executed the summons and this Office could have conducted representation interviews. However, as previously stated, as of this date, there has neither been a proof of service or summons executed in regards to the officers nor a legal assistance request received by this Office. During this call, plaintiff stated he does not consent to this extension and adjournment request because he believes that service and representation issues do not concern him.

Therefore, as none of the individual defendants have been served, this Office respectfully request that the Court *sua sponte* adjourn the initial conference currently scheduled January 4, 2022 until 60 days after the individual defendants are served with process. This will ensure that this Office has sufficient time to determine representation of the individual defendants once served and also meet and confer with plaintiff.

2

Thank you for your consideration herein.

                                                Respectfully submitted,

*Mary K. Sherwood*
Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    Andre Diggs
       Plaintiff *Pro Se*
       20A1664/08697442P
       Five Points Correctional Facility
       State Route 96
       P.O. Box 119
       Romulus, New York 14541

---

**APPLICATION GRANTED:** The Initial Case Management Conference in this matter scheduled for Tuesday, January 4, 2022 at 12:00 p.m. is hereby rescheduled to **Monday, March 21, 2022 at 10:00 a.m.** The Defendant's deadline to submit their Case Management Plan is extended to **March 14, 2022.** It is hereby ORDERED that the Warden or other official in charge of the Five Points Correctional Facility produce plaintiff **Andre Diggs., NYSID #08697442P/DIN #20-A-1664, on March 21, 2022, no later than 10:00 a.m.,** to a suitable location within the Five Points Correctional Facility that is equipped with a telephone, for the purpose of participating by telephone in a conference with the Court and defendants counsel. If the scheduled time and date presents a hardship, the Warden or the Warden's designee should promptly inform chambers by calling (212) 805-0234. Defendants' counsel must: (1) send this Order to the Warden immediately; (2) contact the Five Points Correctional Facility to arrange the call and determine the telephone number at which the plaintiff will be reachable at the above time and date; **(3) telephone Judge Parker's teleconference line at (866) 434-5269, Access code: 4858267, with the plaintiff on the line,** at the time and date of the conference.
**The Clerk of Court is requested to mail a copy of this order to the plaintiff.**

APPLICATION GRANTED

Hon. Katharine H. Parker, U.S.M.J.
12/28/2021

3

## DECLARATION OF SERVICE BY MAIL

I, Mary K. Campbell, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on December 27, 2021. I served the annexed LETTER MOTION upon the following individual by causing a copy of same, enclosed in a first class postpaid properly addressed wrapper, to be deposited in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

Andre Diggs
Plaintiff *Pro Se*
20A1664/08697442P
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, New York 14541

Dated: New York, New York
December 27, 2021

By: *Mary K. Sherwood*
Mary K. Sherwood
Assistant Corporation Counsel
Special Federal Litigation Division