

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **MARY K. SHERWOOD**<br>*Assistant Corporation Counsel*<br>msherwoo@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-3509 |

September 14, 2022

**By ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> **Application Granted.** The initial case management conference scheduled for September 22, 2022 is adjourned *sine die*. As ordered at ECF No. 29, Defendants shall file their responsive pleading by September 22, 2022. Counsel for Defendants shall serve a copy of this order on Plaintiff.
>
> SO ORDERED:
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE       9/15/2022

Re:   Andre Diggs v. John Doe, et al.,
       21 Civ. 5849 (PAE) (KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Police Officer Christopher McLaughlin and Detective Benjamin Lopez (hereinafter "Defendants"). In that capacity, Defendants write to respectfully request that the Court adjourn the initial conference currently scheduled for September 22, 2022 at 11 a.m., until sometime after there is a resolution on Defendants' anticipated motion to dismiss. Plaintiff's consent could not readily be attained because he is incarcerated.

      By way of background, Andre Diggs ("Plaintiff") initiated this action on July 7, 2021, pursuant to 42 U.S.C. § 1983. (Dkt. No. 2). According to the Amended Complaint, Plaintiff claims he was falsely arrested for Aggravated Harassment in the Second Degree by Defendants. (Dkt. No. 6). In the Amended Complaint, he alleged that the case arose out of a complainant reporting threatening phone calls. (*Id.* at p. 3). Plaintiff alleges that he was prosecuted for seven months until his case was dismissed. (*Id.*). Defendants anticipate filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion to revoke Plaintiff's *in forma pauper* status, pursuant to 28 U.S.C. § 1915 (g).[1]

---

[1] Plaintiff, proceeding IFP, filed three actions pursuant to 42 U.S.C. § 1983, each of which was dismissed for failure to state a claim upon which relief may be granted. *Diggs v. Vance*, filed while Plaintiff was incarcerated at Manhattan Detention Center, was dismissed by Judge Preska both for failure to state a claim and that the defendant was protected from suit by prosecutorial immunity. *Diggs v. Vance*, No. 1:2015 Civ. 0255 (S.D.N.Y. filed Mar. 31, 2015), Dkt. No. 2; Dkt. No. 6. at 2-3; *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)....We think the same can be said of any claim against a prosecutor for initiating a prosecution or for presenting the State's case, that is dismissed sua sponte on the ground of absolute prosecutorial immunity."). *Diggs v. Conyers et al.*, filed while Plaintiff was

Defendants have a good faith basis to motion to dismiss in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Probable cause is a complete defense to false arrest and malicious prosecution. *Morris v. Silvestre*, 604 Fed. App'x. 22, 24 (2d Cir. 2015); *Jessamy v. Jakasal*, No. 21-214, 2022 U.S. App. LEXIS 14436, at *4 (2d Cir. May 26, 2022). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Berg v. 505-23 Bar Inc.*, No. 10 Civ. 4883 (RMB) (HBP), 2012 U.S. Dist. LEXIS 86622, at *23 (S.D.N.Y. June 20, 2012). Here, Plaintiff alleges that his arrest arose "from alleged threatening phone calls that were made to the complain[ant]." (Dkt. No. 6, at 3). Thus, probable cause can be inferred based on the four corners of Plaintiff's Amended Complaint: Plaintiff acknowledges that a complainant was the reason he was arrested and an arresting officer is not required to question the veracity of a complainant. Therefore, as will likely be further briefed in motion papers, Plaintiff's false arrest and malicious prosecution claims, and thus his Amended Complaint should be dismissed.

Therefore, Defendants respectfully request that the Court adjourn the September 22, 2022 initial conference until sometime after there is a resolution on defendants' anticipated motion to dismiss. Thank you for your consideration of this request.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA FIRST-CLASS MAIL**
      Andre Diggs
      Plaintiff *Pro Se*
      20A1664/08697442P
      Five Points Correctional Facility
      State Route 96
      P.O. Box 119
      Romulus, New York 14541

---

incarcerated at Brooklyn House of Detention, was dismissed by Judge Chen for failure to state a claim upon which relief could be granted. *Diggs v. Conyers et. al*., No. 1:16-cv-00585 (PKC)(LB) (E.D.N.Y. filed Feb. 2, 2016), Dkt No. 1; Dkt. No. 40. Finally, *Diggs v. DeBlasio et. al*., filed while Plaintiff was incarcerated at Brooklyn House of Detention, was dismissed by Judge Chen for failure to state a claim upon which relief could be granted. *Diggs v. DeBlasio et. al.*, No. 1:2019-cv-03371 (PKC)(LB) (E.D.N.Y. filed June 6, 2019), Dkt. No. 1; Dkt. No. 12.