UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                :

ANDRE DIGGS,                                   :

                         :

                         Plaintiff,      :        21 Civ. 5849 (PAE) (KHP)

               -v-                       :

                                     :        <u>OPINION AND ORDER</u>

DETECTIVE CHRISTOPHER MCLAUGHLIN, and  :
DETECTIVE BENJAMIN LOPEZ,

                                   :

                         Defendants.    :

-----------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 7, 2021, plaintiff Andre Diggs filed this *pro se* action for damages and injunctive relief under 42 U.S.C. § 1983 and the Eighth Amendment. Dkt. 2. Diggs alleges that defendants Detective Christopher McLaughlin and Detective Benjamin Lopez, both employees of the City of New York, violated his constitutional rights by falsely arresting him without probable cause and maliciously prosecuting him.

On July 7, 2021, Diggs filed the initial Complaint, Dkt. 2, and an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1. On July 12, 2021, Chief Judge Laura Taylor Swain granted the application. Dkt. 4. On July 26, 2021, Chief Judge Swain dismissed the Complaint for failure to state a claim and directed Diggs to file his Amended Complaint, if any, within 60 days. Dkt. 5. On August 17, 2021, Diggs filed an Amended Complaint alleging the same claims. Dkt. 6 ("AC").

On September 2, 2021, the case was reassigned to the Court. On September 8, 2021, the Court referred the action to the Honorable Katharine H. Parker, United States Magistrate Judge, for general pretrial management. Dkt. 9. On October 22 and December 28, 2021, and again, on March 14, 2022, Judge Parker adjourned the initial conferences due to lack of proper service.

*See, e.g.*, Dkts. 16, 18, 20.  On March 14, 2022, Judge Parker ordered Diggs to properly serve

defendants or face dismissal for failure to prosecute or sanctions.  Dkt. 20.  On April 14, 2022,

Diggs notified Judge Parker that he could not serve defendants because he did not know their

names.  Dkt. 21.  On April 25, 2022, Judge Parker directed the Office of Corporation Counsel for

the City of New York ("the City") to assist Diggs in determining defendants' names.  Dkt. 22.

On May 23, 2022, the City did so, Dkt. 23, and the next day Judge Parker directed the Clerk's

Office to issue the appropriate summonses, Dkt. 24.  On July 18, 2022, defendants were served.

Dkts. 26–27.

On September 22, 2022, defendants moved to dismiss the AC in its entirety and with

prejudice, and to revoke Diggs's IFP status, Dkt. 33, and filed a memorandum of law, Dkt. 36

("Mem."), and declaration, Dkt. 35 ("Decl."), in support.  In the alternative, defendants asked the

Court to convert its motion into a motion for summary judgment pursuant to Federal Rule of

Civil Procedure 12(d).  Mem. at 4.  The declaration included a copy of a Domestic Incident

Report dated August 17, 20202—the day that Diggs was arrested—indicating that an individual

made a formal complaint to the police that Diggs was threatening to kill her and, among other

threats, "[w]as outside screaming to kick the baby out of [her]."  Dkt. 35-1.  The same day, the

Court amended its referral to Judge Parker, and referred defendants' motion for the preparation

of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  Dkt. 37.  Diggs did not

respond to the motion.  On October 25, 2022, Diggs notified the Court of his change of address.

Dkt. 38.

On November 16, 2022, the Court notified Diggs that defendants had submitted the

Domestic Incident Report, explaining that a ruling on a motion for summary judgment may mean

the case is resolved without a trial, and ordering Diggs to file within 30 days a letter disputing

that an individual made a complaint to the police, or any sworn affidavits or other evidence in

support of his claims. Dkt. 39. Diggs did not respond. On December 30, 2022, Judge Parker

issued an initial Report and Recommendation. Dkt. 40. On February 6, 2023, Judge Parker

issued an amended Report and Recommendation, Dkt. 41 (the "Report"), recommending that

defendants' motion be converted into a motion for summary judgment and granted. Having so

recommended, the Report did not reach defendants' motion to revoke Diggs's IFP status. *Id.* at

10. The Report was mailed to Diggs the next day. No party has objected to it.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept

those portions of the report to which no timely objection has been made, "a district court need

only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02

Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United

Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F.

Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

As no party has submitted objections to the Report, review for clear error is appropriate.

Careful review of Judge Parker's thorough and well-reasoned Report reveals that there is no

facial error in its conclusions. The Report, which is incorporated by reference herein, is adopted

in its entirety. Because the Report explicitly states that the plaintiff "shall have seventeen days

to serve and file any response," plus an additional three days where service was made by mail,

and defendants "shall have fourteen days to serve and file any response," and that that "failure to

file . . . timely objections will result in a waiver of those objections for purposes of appeal,"

Report at 11, the parties' failure to object operates as a waiver of appellate review as to those

objections. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Taller v. MetLife*

*Grp. Inc.*, No. 22 Civ. 1915 (PAE) (SN), 2023 WL 1438746, at *1 (S.D.N.Y. Feb. 1, 2023).

## CONCLUSION

For the forgoing reasons, the Court grants defendants' motion, construed as a motion for

summary judgment. Dkt. 33. The Clerk of Court is directed to terminate the motion at docket

33, close this case, and mail a copy of this decision to Diggs at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated:  March 1, 2023
        New York, New York